IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| **RODNEY EUGENE SMITH,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Civil Action No. 1:08-1288** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Petitioner has filed the following documents: (1) Void Judgment Requested Pursuant to the Writ of Error Coram Nobis (Document No. 1.); (2) Notice to the Court of Reasons Why Plaintiff is Entitled to the Issuance of the Writ of Coram Nobis (Document No. 4.); (3) Summary Judgment Requested Pursuant to Federal Rule of Civil Procedure 56 (Document No. 5.); (4) Addendum to Void Judgment Requested Pursuant to the Writ of Coram Nobis (Document No. 16.); (5) Summary Judgment Requested Pursuant to Federal Rule of Civil Procedure 56 (Document No. 17.); and Second Request for Summary Judgment Requested pursuant to Federal Rule of Civil Procedure 56 (Document No. 18.). Having examined the record in United States v. Smith, Criminal No. 1:01-0007, and in this case, the undersigned finds that Petitioner's claims as set forth in the documents referenced above are not cognizable and respectfully recommends that this matter be dismissed.

**FACTUAL AND PROCEDURAL BACKGROUND**

In early December, 2000, a Search Warrant was issued for Petitioner's residence (United States v. Smith, Criminal No. 1:00-0096), a Criminal Complaint was filed charging Petitioner and a Warrant was issued for Petitioner's arrest (United States v. Smith, Criminal Nos. 1:00-0097 and 1:00-0098). Petitioner was arrested. A preliminary hearing was held. Probable cause was found that

a crime had been committed and Petitioner had committed it, and Petitioner was held to answer in the District Court. Petitioner was released on bond. By Indictment filed on January 3, 2001, in United States v. Smith, Criminal No. 1:01-0007, Petitioner was charged with possessing firearms as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One) and presenting a false or fictitious instrument purporting to be an actual security issued under the authority of the United States with the intention to defraud in violation of 18 U.S.C. § 514(a)(2) (Count Two). (United States v. Smith, Criminal No. 1:01-0007, Document No. 45.) In addition to the charges contained in the Indictment, Petitioner was charged by Superseding Indictment filed on February 1, 2001, with a further instance of presenting fictitious instruments with the intent to defraud in violation of 18 U.S.C. § 514(a)(2) (Count Three), bankruptcy fraud in violation of 18 U.S.C. § 152(1) (Count Four), and twelve instances of wilfully filing false form 8300s in violation of 26 U.S.C. § 7206(1) (Counts Five through Sixteen). (Id., Document No. 65.) A Second Superseding Indictment was filed on August 8, 2001, eliminating Count Twelve of the Superseding Indictment. (Id., Document No. 129.) On September 6, 2001, a Jury determined that Petitioner was guilty as charged in all Counts (One through Fifteen) of the Second Superseding Indictment, and on September 7, 2001, the District Court entered judgment upon the Jury's verdict. (Id., Document Nos. 161 and 163.) The District Court sentenced Petitioner on December 3, 2001, to a 108 month term of imprisonment to be followed by a three year term of supervised release and required Petitioner to pay a $1,500 special assessment and restitution. (Id., Document No. 184.)[1] Petitioner did not appeal his conviction or sentence "electing instead to file frivolous jurisdictional and other

---

[1] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on December 19, 2008. It appears therefore that he is currently on supervised release.

challenges to the sentence imposed. Accordingly, the Judgment became final on or about December 26, 2001." (Id., Document No. 248.)[2]

In his document entitled Void Judgment Requested Pursuant to the Writ of Error Coram Nobis (Document No. 1.), Petitioner contends that his constitutional rights were violated as (1) West Virginia State Police stopped him without probable cause while he was driving his vehicle, arrested him without having an Arrest Warrant in their possession and turned him over to IRS agents on December 7, 2000 (Id., p. 4.); (2) West Virginia State Police and IRS agents searched his home and property without a valid Search Warrant in their possession and confiscated exculpatory evidence, and IRS agents obtained a Search Warrant based upon "tainted evidence to justify the search and seizure. The State Police had done an unauthorized investigation of Smith for the federal

---

[2] Prior to trial in Criminal No. 1:01-0007, Petitioner contested the District Court's jurisdiction by document entitled Notice of Lack of Jurisdiction/Violation of Substantive Rights and an Affidavit filed on April 18, 2001, requesting dismissal of the criminal proceeding. (Document Nos. 99 and 100.) The District Court denied Petitioner's request by Order filed on August 28, 2001. (Document No. 143.) On October 18, 2002, about 10½ months after Petitioner was sentenced, Petitioner filed a document entitled Verified Emergency Petition to Arrest Judgment for Lack of Subject Matter Jurisdiction with Incorporated Memorandum of Law. (Document No. 216.) Thereafter, Petitioner filed an Addendum and an Affidavit in support of his Verified Emergency Petition. (Document Nos. 218 and 222.) The District Court indicated pursuant to *United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002), that it intended to consider Petitioner's Verified Emergency Petition under 18 U.S.C. § 2255 (Document No. 219.), and Petitioner indicated that he wanted the Petition considered on its merits (Document No. 223.). In view of Petitioner's position, by Memorandum Opinion and Order filed on January 13, 2003, the District Court denied Petitioner's Petition for lack of subject matter jurisdiction because Section 2255 was the only avenue available procedurally under which Petitioner's Petition could be considered and Petitioner rejected it. (Document No. 226.) Document No. 248 is the District Court's September 9, 2003, Memorandum Opinion and Order converting two of Petitioner's Motions, apparently those comprising Document No. 244, to a Motion for relief pursuant to 28 U.S.C. § 2255 and dismissing them pursuant to Section 2255's one year period of limitations. The District Court considered further Motions which Petitioner filed in 2004 and 2005 under Section 2255 and denied them. (Document Nos. 359 and 361.) In August, 2007, the Fourth Circuit Court of Appeals denied Petitioner authorization to file a successive *habeas* application. (Document No. 372.) Petitioner again raised a challenge to the District Court's jurisdiction in November, 2007. (Document No. 386.) The District Court construed Petitioner's challenge under Section 2255 and denied it. (Document No. 390.)

3

government. The West Virginia legislature has never authorized their police to perform any task for the federal government." (Id., pp. 4 - 5.); (3) Petitioner's attorney, Assistant Federal Public Defender Brian Kornbrath,[3] and the Assistant United States Attorney signed an agreement at Petitioner's arraignment to produce exculpatory evidence. The United States did not do so, and Petitioner "went to trial without any exculpatory evidence to form a defense and was subsequently convicted and sentenced to 108 months. Furthermore, the South Charleston County jail and the Beaver County jail law libraries were out-of-date and totally inadequate. * * * [He] was imprisoned in the county jails for thirteen (13) months." (Id., pp. 5- 6.) Petitioner states that "[t]he issues presented herein were unknown by [him] acting as his own defense at the time of trial. The facts were willfully withheld by the prosecutor causing [him] to err in his defense. [He] became aware of the aforestated facts in December, 2004. [He] filed a successive 2255 with the West Virginia district court citing new evidence as justification, The court denied the 2255 as a successive motion without deciding the merits of the 2255. A COA was applied for and denied by the district court and the Fourth Circuit. Other motions were applied for and denied. Again, never were the newly discovered merits ever addressed." (Id., p. 6.) Petitioner asserts as follows:

1.  Smith's case is exactly like the Bivens case, and Bivens commands dismissal of this case as violations of unconstitutional acts occurred requiring the overturning of this case. (p. 7.)

2.  Bivens and other Supreme Court cases forbid State authorities to arrest solely for the purpose of enforcing federal law, and this case must be dismissed on this issue alone. (p. 11.)

3.  Evidence wrongfully obtained by the State Police in violation of the Fourth and Fifth Amendments and Supreme Court case law requires dismissal on this issue alone. (p. 13.)

---

[3] Mr. Kornbrath moved to withdraw, and Petitioner proceeded to trial *pro se*.

4. West Virginia State Police had no probable cause in arresting Smith: a Fourth Amendment violation denying the District Court subject matter jurisdiction, and this case must be dismissed . (p. 16.)

5. The West Virginia State Legislature never gave express consent to the West Virginia State Police to perform any tasks for the federal government and requires dismissal on this issue alone. (p. 18.)

6. The suppression of exculpatory evidence is a First, Fourth, Fifth and Sixth Amendment violation. Supreme Court case law requires dismissal on this issue alone. (p. 19.)

7. Smith was wrongfully charged with gun possession in violation of 18 U.S.C. § 921(a)(20)(A), and this charge must be dismissed. (p. 22.)[4]

Petitioner attaches as Exhibits to his document entitled Void Judgment Requested Pursuant to the Writ of Error Coram Nobis a copy of (1) his Freedom of Information Act requests to the West Virginia State Police in 2003 and 2004; (2) the April 23, 2001, Affidavit of his wife stating that IRS agents searched Plaintiff's property on December 7, 2000, and "presented a Search and Seizure warrant with <u>NO</u> AFFIDAVIT affixed."; (3) the Application and Affidavit for Search Warrant in

---

[4] 18 U.S.C. § 921(a)(20)(A) provides that

(20) The term "crime punishable by imprisonment for a term exceeding one year" does not include – (A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices . . ..

Petitioner states that he "was charged in 1992 with a commercial non-violent crime in the Northern District of New York . . .. [He] served six months for that offense. * * * [He] falls into the [18 U.S.C. § 921(a)(20)(A)] category of commercial crimes and not violent crimes." (Document No. 1, p. 23.) Count One of the Indictment in *United States v. Smith*, Criminal No. 1:01-0007, charged Petitioner with possessing firearms having been "convicted on or about September 17, 1992 in the United States District Court for the Northern District of New York, of three counts of the felony offense of filing false tax returns, in violation of 26 U.S.C. § 7206(1), and thirteen counts of the felony offense of making false statements, in violation of 18 U.S.C. § 1001. In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2)." Filing false tax returns is not a felony offense excluded under 18 U.S.C. § 921(a)(20)(A) and was appropriately utilized as a predicate felony offense to Petitioner's felon in possession charge. *United States v. Kruckel*, 1993 WL 765648, * 16 (D.N.J.)("[T]ax offenses are not 'similar' within the meaning of § 921(a)(20)(A).")

1:00-0096; and (4) the January 17, 2001, Arraignment Order and Standard Discovery Requests in Criminal No. 1:01-0007.

In his document entitled Notice to the Court of Reasons Why Plaintiff is Entitled to the Issuance of the Writ of Coram Nobis (Document No. 4.), Petitioner states that "[t]he issues raised in this present Writ of Coram Nobis have never been addressed. Certain issues raised in this coram nobis have been raised on previous filings, but have never been responded to by the Government or the Court. * * * As will be shown, the proceedings, the events occurring before trial denied the district court <u>subject matter jurisdiction</u>. The lack of subject matter jurisdiction 'undermines the prosecutor's entire case' against [him]. * * * [He] will show that the proceedings leading to [his] conviction were in violation of the Constitution, and statutory law that effectively denied the court <u>subject matter jurisdiction</u>." (<u>Id.</u>, p. 2.)[5] Petitioner asserts that (1) the circumstances in violation of his Constitutional rights as discussed above compel the District Court's issuance of a Writ of Error Coram Nobis; (2) Petitioner did not raise the issues earlier because he was not aware of the circumstances and the violations of his Constitutional rights until December, 2004; and (3) he is experiencing a loss of liberty and the denial of "access to sporting weapons", is subject to "confinement in the form of probation" and has "an unjustified criminal record" as a consequence of his wrongful conviction in <u>United States v. Smith</u>, Criminal No. 1:01-0007.

---

[5] 18 U.S.C. § 3231 confers subject matter jurisdiction over federal prosecutions upon the District Courts providing that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." *See United States v. Hartwell*, 448 F.3d 707, 716 (4th Cir. 2006), *quoting Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999)("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry.")

In his document entitled Addendum to Void Judgment Requested Pursuant to the Writ of Coram Nobis (Document No. 16.), Petitioner contends that United States v. Smith, Criminal No. 1:01-0007, must be dismissed because

1. The separation of power between a State and the United States and the Tenth Amendment forbids State Police to enforce or assist in the enforcement of federal laws without the express authority of the State; Case 1:01-0007 must be declared void *ab initio*.

2. The lack of subject matter jurisdiction requires case 1:01-0007 be voided.

3. The District Court failed to address the State Police and federal agents violations of the Fourth, Fifth, Tenth, Ninth and Fourteenth Articles in Amendment that caused a lack of subject matter jurisdiction which entitles Smith to relief.

## DISCUSSION

Writs of Error *Coram Nobis* may be issued in criminal matters under 28 U.S.C. § 1651, the All Writs Act, under very limited circumstances. The United States Supreme Court explained in Pennsylvania Bureau of Corrections v. United States Marshals Service, 474 U.S. 34, 43, 106 S.Ct. 355, 361, 88 L.Ed.2d 189 (1985), as follows:

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.

Writs of Error *Coram Nobis* provide "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction." Fleming v. United States, 146 F.3d 66, 89 - 90 (2nd Cir. 1998); see also United States v. Mandanici, 205 F.3d 519, 524 (2nd Cir. 2000). "[C]ourts may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." United States v. Mills, 221 F.3d 1201, 1204 (11th Cir. 2000), cert. denied, 531 U.S. 1144, 121 S.Ct. 1079, 148 L.Ed.2d 956 (2001). The Supreme Court reiterated in Carlisle v. United States, 517 U.S. 416, 428 - 429, 116 S.Ct. 1460, 1468, 134

L.Ed.2d 613 (1996), from its note in United States v. Smith, 331 U.S. 469, 475, fn. 4, 67 S.Ct. 1330, fn.4, 91 L.Ed. 1610 (1947), that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate."

Proceedings may be held in *coram nobis* to consider errors "of the most fundamental character." United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954). They may not, however, supplant proceedings under Section 2255, United States v. Barrett, 178 F.3d 34, 55, (1st Cir. 1999), cert. denied, 528 F.2d 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000), or be utilized to re-litigate issues raised on direct appeal or under Section 2255. Durrani v. United States, 294 F.Supp.2d 204, 209 - 210 (D.Conn. 2003); Sun v. United States, 342 F.Supp.2d 1120, 1126 (N.D.Ga. 2004), aff'd, 151 Fed. Appx. 860 (11th Cir. 2005), cert. denied, 546 U.S. 1200, 126 S.Ct. 1399, 164 L.Ed.2d 100 (2006)("A writ of error coram nobis is only appropriate when claims could not have been raised by direct appeal, or the grounds to attack the conviction become known after a completed sentence when § 2255 relief is unavailable"). Thus, before considering a request for relief in *coram nobis* on its merits, the Court must determine whether the request is properly before the Court and may refuse to consider the request if it is not. Durrani v. United States, 294 F.Supp.2d 204, 209 - 210 (D.Conn. 2003). Adopting "the same analytical framework when ruling on the propriety of current coram nobis petition as when analyzing successive habeas corpus petition", the Court in Durrani stated that "the court will refuse to entertain a coram nobis petition if: (1) the same grounds presented in the current petition were determined adversely to petitioner in an earlier collateral proceeding; (2) the prior determination was on the merits; and (3) the 'ends of justice' would not be served by reaching the merits of the repetitive grounds in the current petition." Durrani v. United States, 294 F.Supp.2d at 210; see also Shepis v. United States, 2008 WL 474237, * 6 (D.S.C.). When the District Court has determined that it is appropriate to consider a request for relief

in *coram nobis* on the merits, the District Court may grant *coram nobis* relief if the petitioner demonstrates that "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate early relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." Fleming v. United States, 146 F.3d at 90, quoting Foont v. United States, 93 F.3d 76, 79 (2nd Cir. 1996)(internal quotation marks, citations and alterations omitted); see also Hanan v. United States, 402 F.Supp.2d 679, 684 (E.D.Va. 2005), stating that "to obtain *coram nobis* relief, [a petitioner] must show (I) that his conviction or sentence involved an error of the most fundamental character; (ii) that it is probable that a different result would have occurred if not for the error; (iii) that adverse consequences continue to follow from the conviction such that a case or controversy exists within the meaning of Article III; (iv) that a more usual remedy is not presently available to correct the error; and (v) that sound reasons exist for not challenging the error earlier, such as by direct appeal or § 2255 motion." "[A] court reviewing a petition for a writ of *coram nobis* to vacate a conviction must presume that the underlying proceedings were correct, and the burden of showing otherwise rests on the petitioner. And, that burden is substantial, exceeding that of a habeas petitioner." Hanan v. United States, 402 F.Supp.2d at 684. A Writ of Error Coram Nobis may be granted "in light of a retroactive dispositive change in the law" which undermines the basis for a prior conviction. United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). "[N]ewly discovered evidence does not constitute a fundamental error sufficient to justify coram nobis relief." Sun v. United States, 342 F.Supp.2d 1120 at 1127. The mere allegation that prosecutors withheld exculpatory evidence does not support *coram nobis* consideration. Durrani v. United States, 294 F.Supp.2d at 215 - 216.

Petitioner's claim that he is entitled to a Writ of Error Coram Nobis is clearly procedurally barred, and the District Court should refuse to consider it. First, it appears that Petitioner is on

9

supervised release. "A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion." United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999). The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Petitioner continues therefore to have recourse under Section 2255, albeit very limited in view of his previous unsuccessful attempts to obtain *habeas* relief as noted above. Section 2255 is controlling and *coram nobis* consideration is unavailable. Second, as noted above Petitioner challenged the District Court's jurisdiction in United States v. Smith, Criminal No. 1:01-0007, before and after his conviction without success. He clearly may not renew his challenge in *coram nobis*. Third, the undersigned finds that Petitioner knew and/or could have known about all of the circumstances which underlie his claim of entitlement to *coram nobis* relief herein and could have presented them on direct appeal or in Section 2255 proceedings. Petitioner has not indicated any reason why he did not do so sufficient to permit *coram nobis* consideration of his claims. Finally, none of Petitioner's assertions indicate the occurrence of an error "of the most fundamental character."

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's request for the issuance of a Writ of Error Coram Nobis (Document No. 1.) and his

Motions for Summary Judgment (Document Nos. 5, 17 and 18.), **DISMISS** this case and remove it from the docket of the District Court.

Petitioner is notified that these Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge Joseph R. Goodwin.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Petitioner shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served upon the presiding Chief United States District Judge  Goodwin and this Magistrate Judge.

The Clerk is directed to file these Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

ENTER: June 18, 2009.

R. Clarke VanDervort
United States Magistrate Judge